U.S. Bank, N.A. v Villatoro (2020 NY Slip Op 04613)





U.S. Bank, N.A. v Villatoro


2020 NY Slip Op 04613


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-03670
2017-03671
 (Index No. 2323/14)

[*1]U.S. Bank, National Association, etc., respondent,
v
Marisol Villatoro, et al., appellants, et al., defendants.


R. David Marquez, P.C., Mineola, NY, for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Richard P. Haber of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Marisol Villatoro and Jose A. Villatoro appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated September 26, 2016, and (2) an order of the same court also dated September 26, 2016. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Marisol Villatoro and Jose A. Villatoro, to strike those defendants' answer and counterclaims, and for an order of reference. The second order, insofar as appealed from, granted the same relief and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Marisol Villatoro and Jose A. Villatoro, to strike those defendants' answer and counterclaims, and for an order of reference are denied.
The plaintiff commenced this action against the defendants Marisol Villatoro and Jose A. Villatoro (hereinafter together the defendants), among others, to foreclose a mortgage. The defendants answered the complaint and asserted, inter alia, the affirmative defenses of lack of standing and failure to strictly comply with the statutory requirements of RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and counterclaims, and for an order of reference. The Supreme Court, among other things, granted those branches of the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff. The defendants appeal.
Where a plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d 887, 889). "A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 868; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Thus, a plaintiff may demonstrate its standing in a foreclosure action through proof that it was in possession of the subject note, endorsed in blank, at the time of commencement of the action (see Pennymac Corp. v Chavez, 144 AD3d 1006, 1007).
Here, the plaintiff submitted evidence that established that its law firm received physical delivery of the original note on a date prior to the commencement of this action and that the original note was endorsed in blank. Accordingly, by establishing that it received physical delivery of the original note endorsed in blank prior to the commencement of this action, the plaintiff established that it had standing to bring this action (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203-206).
The plaintiff in a mortgage foreclosure action, in support of a motion for summary judgment on the complaint, also has the burden to prove the absence of material issues as to its strict compliance with RPAPL 1304 (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). "Proof of the requisite mailing is established with proof of the actual mailings, . . . or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016). Here, the plaintiff failed to establish compliance with RPAPL 1304. The plaintiff failed to submit proof of the actual mailings of the notices by first-class mail, and the employee's affidavit that it submitted did not attest to a standard office mailing procedure designed to ensure that items are properly addressed and mailed, so his statement that the 90-day pre-foreclosure notice was sent by certified and first-class mail is unsubstantiated and conclusory (see Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and counterclaims, and for an order of reference.
In light of our determination, we need not reach the defendants' remaining contentions.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court