U.S. Bank N.A. v Negrin (2020 NY Slip Op 05253)





U.S. Bank N.A. v Negrin


2020 NY Slip Op 05253


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
PAUL WOOTEN, JJ.


2018-13585
 (Index No. 1416/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Elise M. Negrin, appellant, et al., defendants.


Michael Kennedy Karlson, New York, NY, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Sarah J. Greenberg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Elise M. Negrin appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 28, 2018. The order and judgment of foreclosure and sale, upon two orders of the same court, both entered September 27, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Elise M. Negrin and for an order of reference, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Elise M. Negrin and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders entered September 27, 2017, are modified accordingly.
The plaintiff commenced this action to foreclose a consolidated mortgage on real property owned by the defendant Elise M. Negrin (hereinafter the defendant). The consolidated mortgage secured a consolidated note executed by the defendant, in which she promised to repay loans in the total amount of $368,500. In her answer to the complaint, the defendant raised several affirmative defenses, including lack of standing and failure to comply with the notice provisions of the mortgage as well as RPAPL 1304.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In two orders entered September 27, 2017, the Supreme Court, inter alia, granted those branches of the motion. Upon receipt of a referee's report, the plaintiff moved to confirm the report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered September 28, 2018, the court, among other things, granted the motion and directed the sale of the subject property. The defendant appeals.
In moving for summary judgment on the complaint insofar as asserted against the defendant, the plaintiff failed to demonstrate, prima facie, that it complied with a condition precedent [*2]contained in the consolidated mortgage agreement, requiring the lender to send a notice of default prior to the commencement of the action. In this respect, the unsubstantiated and conclusory statements in the affidavit of an employee of the plaintiff's servicer, which indicated that the required notice of default was sent in accordance with the terms of the mortgage, combined with a copy of the notice of default, failed to show that the required notice was mailed by first-class mail or actually delivered to the notice address if sent by other means, as required by the consolidated mortgage agreement (see Emigrant Bank v Myers, 147 AD3d 1027, 1028; GMAC Mtge., LLC v Bell, 128 AD3d 772, 773; Wells Fargo Bank, N.A. v Eisler, 118 AD3d 982, 983).
In addition, the plaintiff failed to demonstrate, prima facie, that it properly served upon the defendant the notice required by RPAPL 1304. The mailing required under that statute "'is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v. Ahmed, 174 AD3d 661, 663, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21). Here, the plaintiff proffered neither evidence of the actual mailings nor evidence of a standard office mailing procedure, but rather relied upon its servicer's conclusory and unsubstantiated affidavit averring that the notice was sent, along with a copy of the notice. This evidence failed to satisfy the plaintiff's burden (see Central Mtge. Co. v Abraham, 150 AD3d 961, 962; JPMorgan Chase Bank, N.A. v Kutch, 142 AD3d 536, 537). Moreover, contrary to the Supreme Court's conclusion, affidavits of service pertaining to the summons and complaint as well as the defendant's verified answer, which demonstrated that the defendant was present in the State of Florida at the time of service of those pleadings, failed to demonstrate, prima facie, that the subject property was not the defendant's "principal dwelling," so as to establish that compliance with RPAPL 1304 was not required (RPAPL 1304[1], [6][a][1][iii]; see L 2008, ch 472, § 2 [eff Sept. 1, 2008; former RPAPL 1304(3)]; see also Flushing Sav. Bank v Latham, 139 AD3d 663, 665; cf. Citibank, N.A. v Crick, 176 AD3d 776, 778).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. We therefore reverse the order and judgment of foreclosure and sale.
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., BALKIN, COHEN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court