U.S. Bank N.A. v Peykar (2021 NY Slip Op 03077)





U.S. Bank N.A. v Peykar


2021 NY Slip Op 03077


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-08485
2020-02390
 (Index No. 705684/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Mitch Peykar, et al., appellants, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
Aldridge Pite LLP, Melville, NY (Kenneth Sheehan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Mitch Peykar and Shelly Peykar appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered April 5, 2019, and an order and judgment of foreclosure and sale (one paper) of the same court entered February 28, 2020. The order, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their verified amended answer, and for an order of reference. The order and judgment of foreclosure and sale, upon an order of the same court entered December 10, 2019, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, among other things, directed the sale of the subject property.
ORDERED that the appeal from the order entered April 5, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Mitch Peykar and Shelly Peykar, to strike their verified amended answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders entered April 5, 2019, and December 10, 2019, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The appeal from the order entered April 5, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action to foreclose a mortgage on real property owned by the defendants Mitch Peykar and Shelly Peykar (hereinafter together the defendants). The mortgage secured a note executed by the defendants, in which they promised to repay a loan in the amount of $352,750. In their verified amended answer to the complaint, the defendants raised numerous affirmative defenses, including failure to comply with the notice provisions of the mortgage as well as RPAPL 1304.
The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike their verified amended answer, and for an order of reference. In an order entered April 5, 2019, the Supreme Court granted the plaintiff's motion. Upon receipt of the referee's report, the plaintiff moved to confirm the report and for a judgment of foreclosure and sale. In an order entered December 10, 2019, the court granted the motion. In an order and judgment of foreclosure and sale entered February 28, 2020, the court, among other things, directed the sale of the subject property. The defendants appeal.
The Supreme Court erred in concluding, in effect, that the plaintiff met its prima facie evidentiary burdens with respect to compliance with the notice requirements of RPAPL 1304 and the mortgage agreement. "In a residential foreclosure action, a plaintiff moving for summary judgment must tender sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669 [internal quotation marks omitted]; see U.S. Bank, N.A. v Villatoro, 186 AD3d 777, 778). "[P]roof of the requisite mailing [is] established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21 [internal quotation marks omitted]; see Ridgewood Sav. Bank v Van Amerongen, 189 AD3d 1639). Here, the plaintiff failed to submit proof of the actual mailings, such as the affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure. Instead, the plaintiff relied on the affidavit of an employee of the plaintiff's loan servicer, who did not attest that she had personal knowledge that the notices were mailed, or attest to a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see U.S. Bank, N.A. v Villatoro, 186 AD3d at 778-779).
Likewise, relying on the same affidavit, the plaintiff failed to establish compliance with the requirements for a notice of default pursuant to sections 15 and 22 of the mortgage agreement. Statements in the employee's affidavit, "which asserted that the notice of default was sent in accordance with the terms of the mortgage, [were] unsubstantiated and conclusory and . . . , even when considered together with the copy of the notice of default, failed to show that the required notice was in fact mailed by first class mail or actually delivered to the designated address if sent by other means, as required by the subject mortgage" (GMAC Mtge., LLC v Bell, 128 AD3d 772, 773; see U.S. Bank N.A. v Negrin, 186 AD3d 1754, 1755; U.S. Bank N.A. v Callender, 176 AD3d 1249, 1251).
Accordingly, we must reverse the order and judgment of foreclosure and sale, and modify the orders entered April 5, 2019, and December 10, 2019, accordingly.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court