Wells Fargo Bank, N.A. v Maleno-Fowler (2021 NY Slip Op 03344)





Wells Fargo Bank, N.A. v Maleno-Fowler


2021 NY Slip Op 03344


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-03811
 (Index No. 510990/14)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Jazmin Maleno-Fowler, et al., defendants, David Cohan, etc., appellant.


Petroff Amshen, LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Gross Polowy, LLC (Reed Smith, LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant David Cohan appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated January 23, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against that defendant, to dismiss his affirmative defenses, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant David Cohan, to dismiss his affirmative defenses, and for an order of reference are denied.
The plaintiff commenced this action to foreclose a mortgage, alleging that on August 1, 2011, the defendant Jazmin Maleno-Fowler (hereinafter the borrower) defaulted on a loan secured by a mortgage on certain real property in Brooklyn. The amended complaint also alleged that on July 20, 2012, the borrower transferred the subject property to the defendant David Cohan. Cohan interposed an answer raising various affirmative defenses, including lack of standing. The plaintiff moved, inter alia, for summary judgment on the amended complaint insofar as asserted against Cohan, to dismiss his affirmative defenses, and for an order of reference. Cohan opposed the motion, asserting that the plaintiff failed to establish its standing. The Supreme Court, among other things, granted those branches of the plaintiff's motion, and Cohan appeals.
Generally, in order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default (see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 619). Where the plaintiff's standing has been placed in issue by the defendants' answer, the plaintiff must prove its standing as part of its prima facie showing (see Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932).
Here, contrary to the Supreme Court's determination, the plaintiff failed, prima facie, [*2]to establish its standing to commence this action. The copy of the note submitted in support of the plaintiff's motion contained an additional page, entitled "Allonge to Note," which contained a special indorsement from the original lender to the plaintiff. However, as Cohan correctly contends, the plaintiff did not submit any evidence to establish that the purported allonge was so firmly affixed to the note as to become a part thereof (see UCC 3-202[2]; Citimortgage, Inc. v Ustick, 188 AD3d 793, 795; U.S. Bank N.A. v Moulton, 179 AD3d 734, 737).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against Cohan, to dismiss his affirmative defenses, and for an order of reference (see U.S. Bank N.A. v Moulton, 179 AD3d at 738).
In light of our determination, we need not reach Cohan's remaining contention.
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court