Ditech Fin., LLC v Naidu (2021 NY Slip Op 05320)





Ditech Fin., LLC v Naidu


2021 NY Slip Op 05320


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-11072
2016-11073
 (Index No. 700387/16)

[*1]Ditech Financial, LLC, etc., respondent,
v
Santhana Kumar Nataraja Naidu, appellant, et al., defendants.


Law Office of Maggio & Meyer, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Day Pitney LLP, New York, NY (Christina A. Livorsi of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Santhana Kumar Nataraja Naidu appeals from two orders of the Supreme Court, Queens County (Robert J. McDonald, J.), both dated September 9, 2016. The orders, insofar as appealed from, granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. By decision and order dated September 18, 2019, this Court reversed the orders insofar as appealed from, granted the motion of the defendant Santhana Kumar Nataraja Naidu pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred, and denied those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference as academic (see Ditech Fin., LLC v Naidu, 175 AD3d 1387). In an opinion dated February 18, 2021, the Court of Appeals reversed the decision and order of this Court, and remitted the matter to this Court "for consideration of issues raised but not determined on the appeal to [this] Court" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 35). Justices Duffy and Connolly have been substituted for former Justices Leventhal and Roman (see 22 NYCRR 1250.1[b]).
ORDERED that, upon remittitur from the Court of Appeals, the orders are modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Santhana Kumar Nataraja Naidu and for an order of reference, and substituting therefor a provision denying those branches of the cross motion; as so modified, the orders are affirmed insofar as appealed from, without costs or disbursements.
On April 1, 2003, the defendant Santhana Kumar Nataraja Naidu (hereinafter the defendant) executed a note in favor of nonparty America's Wholesale Lender, which was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for America's Wholesale Lender, on residential real property located in Flushing. On March 20, 2006, the defendant executed a note in favor of America's Wholesale Lender and a [*2]consolidated note evincing a promise to repay America's Wholesale Lender for the principal amount of both notes. The defendant also executed a Consolidation, Extension, and Modification Agreement in favor of MERS dated March 20, 2006, which consolidated the notes and mortgages arising from the defendant's obligations to America's Wholesale Lender. The consolidated note was endorsed by Countrywide Home Loans, Inc., a New York Corporation doing business as America's Wholesale Lender, without recourse. The payments on the consolidated note were to be made in installments.
Thereafter, there were three assignments of the mortgage: (1) an assignment of mortgage by MERS to BAC Home Loans Servicing, L.P. (hereinafter BAC), dated July 22, 2009; (2) an assignment of mortgage by BAC to Everbank, dated July 15, 2013; and (3) an assignment of mortgage from Everbank to the plaintiff, dated May 8, 2015.
On July 28, 2009, BAC commenced an action to foreclose the mortgage against the defendant and others, in which BAC declared that it "elect[ed] to call due the entire amount secured by the mortgage." That action was voluntarily discontinued, without prejudice, by a stipulation the parties entered into in February 2014.
On January 13, 2016, this action was commenced to foreclose the mortgage. The defendant served an answer with various affirmative defenses, including that the action was time-barred. Thereafter, the defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him on the ground that the action was time-barred. The plaintiff opposed the motion and cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The Supreme Court, among other things, granted those branches of the plaintiff's cross motion and denied the defendant's motion. This appeal ensued. In a decision and order dated September 18, 2019, this Court, inter alia, reversed the orders insofar as appealed from, and granted the defendant's motion to dismiss the complaint insofar as asserted against him as time-barred (see Ditech Fin., LLC v Naidu, 175 AD3d 1387, revd 37 NY3d 1). The Court of Appeals reversed the decision and order of this Court on the statute of limitations issue and remitted the matter to this Court to address the defendant's remaining contentions concerning those branches of the plaintiff's cross motion which had been granted by the Supreme Court (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 35).
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [internal quotation marks omitted]; see Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689). Where, as here, standing is placed in issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff in a mortgage foreclosure action establishes its standing by demonstrating that, when the action was commenced, it was the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 725). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
Here, the plaintiff established, prima facie, its standing to commence this action by submitting in support of its cross motion a copy of the consolidated note, endorsed in blank, that was annexed to the complaint at the time the action was commenced (see HSBC Bank USA, N.A. v Desir, 188 AD3d 657; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1241; Bank of New York Mellon v Chamoula, 170 AD3d 788, 791; Deutsche Bank Natl. Trust Co. v Nair, 170 AD3d 658, 659). Moreover, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid consolidated note, and evidence of the defendant's default in repayment of his mortgage loan obligation (see Wells Fargo Bank, N.A. v Inigo, 164 AD3d 545, [*3]546). In opposition, the defendant failed to raise a triable issue of fact.
Contrary to the defendant's contention, the plaintiff demonstrated the admissibility of the business records relied upon by Emily Johnson, one of its assistant vice presidents, in her affidavit submitted in support of its cross motion, under the business records exception to the hearsay rule (see CPLR 4518[a]; Wells Fargo Bank, N.A. v Inigo, 164 AD3d at 546-547; Citibank, N.A. v Gentile, 156 AD3d 859, 860). Moreover, the plaintiff was not required to give factual details of the delivery of the note in order to establish that possession was obtained prior to a particular date (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824; PennyMac Corp. v Chavez, 144 AD3d 1006, 1007; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645).
In addition, the plaintiff demonstrated, prima facie, that it complied with the mailing requirements of RPAPL 1304 by submitting the affidavit of Tamala Miller, an employee of Green Tree Servicing, LLC, a mortgage loan servicer, who personally mailed the RPAPL 1304 90-day notice to the defendant at the property address by both first-class mail and certified mail. The plaintiff also submitted copies of the RPAPL 1304 notices sent to the defendant, including one bearing the certified mail receipt number, and the United States Postal Service tracking log for that certified mail receipt number (see Citimortgage, Inc. v Wallach, 163 AD3d 520, 521; Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786). In opposition, the defendant failed to raise a triable issue of fact.
Further, the plaintiff demonstrated its compliance with RPAPL 1306. The copy of the proof of filing statement pursuant to RPAPL 1306 from the New York State Department of Financial Services, submitted by the plaintiff in support of its cross motion, was sufficient to establish, prima facie, the plaintiff's compliance with the filing requirements of that statute (see Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d 1126, 1128; PennyMac Corp. v Arora, 184 AD3d 652, 656).
However, the Supreme Court improperly determined that the plaintiff established, prima facie, that it complied with the notice requirement of paragraph 22 of the mortgage. Statements in Johnson's affidavit, "'which asserted that the notice of default was sent in accordance with the terms of the mortgage, [were] unsubstantiated and conclusory and . . . , even when considered together with the copy of the notice of default, failed to show that the required notice was in fact mailed by first class mail or actually delivered to the designated address if sent by other means, as required by the subject mortgage'" (U.S. Bank N.A. v Peykar, 194 AD3d 884, 886-887, quoting GMAC Mtge., LLC v Bell, 128 AD3d 772, 773; see U.S. Bank N.A. v Negrin, 186 AD3d 1754, 1755; U.S. Bank N.A. v Callender, 176 AD3d 1249, 1251). Johnson did not purport to have personal knowledge of the mailing of the default notice or any familiarity with the plaintiff's mailing practices (see U.S. Bank N.A. v Kohanov, 141 NYS3d 137; see e.g. Everbank v Greisman, 180 AD3d 758, 760).
Accordingly, the Supreme Court improperly granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
LASALLE, P.J., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court