Nationstar Mtge., LLC v Calomarde (2022 NY Slip Op 00428)





Nationstar Mtge., LLC v Calomarde


2022 NY Slip Op 00428


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2019-01207
 (Index No. 9998/13)

[*1]Nationstar Mortgage, LLC, respondent,
v
Ramiro Calomarde, appellant, et al., defendants.


Lawrence Spivak, Jamaica, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Jane Torcia and Daniel S. LoPresti of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ramiro Calomarde appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 15, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated September 27, 2016, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and an order of the same court, also dated September 27, 2016, among other things, granting the same relief to the plaintiff and appointing a referee to compute the amount due to the plaintiff, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ramiro Calomarde and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders dated September 27, 2016, are modified accordingly.
On August 15, 2013, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Ramiro Calomarde (hereinafter the defendant). In his answer, the defendant asserted several affirmative defenses, including lack of standing. In or about July 2015, the defendant served disclosure demands upon the plaintiff, in which the defendant sought, among other things, production of the original note underlying the mortgage, to which the plaintiff failed to respond. In April 2016, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against him, for leave to amend his answer, and to compel disclosure. In an order dated September 27, 2016, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. In a second order, also dated September 27, 2016, the court granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. In an order and judgment of foreclosure and sale entered entered March 15, 2019, the court, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property. The defendant appeals.
Generally, in order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default (see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 619). Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing (see Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). "[A] plaintiff may demonstrate its standing in a foreclosure action through proof that it was in possession of the subject note endorsed in blank, or the subject note and a firmly affixed allonge endorsed in blank, at the time of commencement of the action" (US Bank Trust, N.A. v Loring, 193 AD3d 1101, 1103; see U.S. Bank N.A. v Moulton, 179 AD3d 734, 738).
Here, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, as the plaintiff failed to establish, prima facie, that it had standing to commence this action. Although the plaintiff attached to the complaint copies of the note and an undated purported allonge endorsed in blank, the plaintiff did not demonstrate that the purported allonge, which was on a piece of paper completely separate from the note, was "so firmly affixed thereto as to become a part thereof," as required by UCC 3-202(2) (see Wells Fargo Bank, N.A. v Maleno-Fowler, 194 AD3d 1094, 1095; LNV Corp. v Almberg, 194 AD3d 703, 704; U.S. Bank N.A. v Moulton, 179 AD3d at 738). The affidavit of the plaintiff's employee and the copy of the note attached thereto which were submitted in support of the plaintiff's motion for summary judgment did not clarify whether the allonge was firmly affixed to the note (see U.S. Bank N.A. v Moulton, 179 AD3d at 738).
In light of the foregoing determination, we need not reach the defendant's remaining contentions.
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court