Bank of Am., N.A. v Shirazi (2022 NY Slip Op 01984)





Bank of Am., N.A. v Shirazi


2022 NY Slip Op 01984


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.


2018-07834 
2018-07835
2019-01573
 (Index No. 11039/14)

[*1]Bank of America, N.A., respondent,
v
Mehrdad Shirazi, et al., appellants, et al., defendants.


Ronald D. Weiss, P.C., Melville, NY, for appellants.
Bryan Cave Leighton Paisner, LLP, New York, NY (Suzanne M. Berger and Elizabeth J. Goldberg-Ragot of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Mehrdad Shirazi and Stacey Shirazi appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 20, 2018, (2) an order of the same court, also entered March 20, 2018, and (3) an order and judgment of foreclosure and sale (one paper) of the same court (Julianne T. Capetola, J.) entered January 11, 2019. The first order entered March 20, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Mehrdad Shirazi and Stacey Shirazi, to strike their answer, and for an order of reference. The second order entered March 20, 2018, insofar as appealed from, granted the same relief, and denied that branch of the cross motion of the defendants Mehrdad Shirazi and Stacey Shirazi which was for summary judgment dismissing the complaint insofar as asserted against them. The order and judgment of foreclosure and sale, upon the orders, granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the orders entered March 20, 2018, are dismissed, without costs or disbursements; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, without costs or disbursements, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Mehrdad Shirazi and Stacey Shirazi, to strike those defendants' answer, and for an order of reference are denied, the orders entered March 20, 2018, are modified accordingly, and the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied.
The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In November 2014, the plaintiff commenced this action against the defendants Mehrdad Shirazi and Stacey Shirazi (hereinafter together the defendants), among others, to foreclose a mortgage on real property located in Nassau County. After the defendants joined issue, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and the defendants cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. In two orders, both entered March 20, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied that branch of the defendants' cross motion. In January 2019, the court entered an order and judgment of foreclosure and sale, inter alia, granting the plaintiff's motion to confirm the referee's report and directing the sale of the subject property. The defendants appeal.
"[I]n order to establish entitlement to summary judgment, the plaintiff must show that it complied with any conditions precedent to commencing the action contained in the mortgage agreement itself" (McCormick 110, LLC v Gordon, 200 AD3d 672, 675). "[P]roof of the requisite mailing . . . can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (U.S. Bank, N.A. v Zientek, 192 AD3d 1189, 1191 [internal quotation marks omitted]).
Here, the plaintiff failed to establish, prima facie, that it complied with the notice of default provisions of the mortgage, which, inter alia, required the plaintiff to send the notice by first-class mail to the subject property and to provide a 30-day cure period. Copies of the notice without proof of mailing, along with the affidavit of a representative of the loan servicer averring, based upon her review of unspecified business records which were not attached to the affidavit, that such a notice of default was sent on an unspecified date, was insufficient to satisfy the plaintiff's prima facie burden (see Wilmington Trust, N.A. v Jimenez, 194 AD3d 988, 990). Therefore, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference should have been denied.
However, the defendants' bare denial of receipt of the notice of default was insufficient to meet their prima facie burden on that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them (see Deutsche Bank Natl. Trust Co. v Fontanez, 187 AD3d 1143). Accordingly, that branch of the defendants' cross motion was properly denied.
The defendants' remaining contention is without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court