U.S. Bank N.A. v Yoel (2023 NY Slip Op 04682)

U.S. Bank N.A. v Yoel

2023 NY Slip Op 04682

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BARRY E. WARHIT, JJ.

2019-09530
 (Index No. 1782/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Congregation Divrie Yoel, etc., appellant, et al., defendants.

Solomon Rosengarten, Brooklyn, NY, for appellant.
Friedman Vartolo LLP, New York, NY (Oran Schwager and Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Congregation Divrie Yoel appeals from an order and judgment of foreclosure of sale (one paper) of the Supreme Court, Orange County (Craig Stephen Brown, J.), dated June 11, 2019. The order and judgment of foreclosure and sale, upon two orders of the same court dated October 11, 2018, and October 17, 2018, respectively, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Congregation Divrie Yoel, granted the plaintiff's motion for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Congregation Divrie Yoel is denied, the plaintiff's motion for a judgment of foreclosure and sale is denied, and the orders dated October 11, 2018, and October 17, 2018, are modified accordingly.
On December 16, 2004, the defendant Congregation Divrie Yoel (hereinafter the defendant) executed a note in the sum of $528,000 in favor of Greenpoint Mortgage Funding, Inc., which was secured by a mortgage on a property located in Palm Tree. Following a series of purported assignments to various entities, the note and mortgage were allegedly acquired by the plaintiff. The defendant allegedly defaulted on its obligations under the note and mortgage agreement by failing to make the monthly payments due on May 1, 2015, and thereafter.
On or about March 7, 2016, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer dated June 30, 2018, in which it asserted affirmative defenses that the plaintiff lacked standing and that the plaintiff failed to comply with a contractual condition precedent, namely, that it did not mail a notice of default.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The defendant opposed the motion. In two orders dated October 11, 2018, and October 17, 2018, respectively, the Supreme Court, among other things, granted that branch of the motion. The court thereafter entered an order and judgment of foreclosure and sale, among other things, directing the sale of the subject property. The defendant appeals.
Initially, we note that the defendant failed to perfect appeals from the orders dated October 11, 2018, and October 17, 2018, respectively. On this appeal from the order and judgment of foreclosure and sale, the defendant's arguments are exclusively directed at whether the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant. As a general rule, we do not consider any issue raised on a subsequent appeal that could have been raised in an earlier appeal that was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754; Bray v Cox, 38 NY2d 350, 353; Wilmington Sav. Fund Socy., FSB v Isom, 190 AD3d 786, 787). However, since the right of direct appeal from an order terminates once a judgment has been entered (see Matter of Aho, 39 NY2d 241, 248), and since the defendant timely appealed from the order and judgment of foreclosure and sale before its appeals from the orders granting the plaintiff's motion, inter alia, for summary judgment were deemed dismissed for failure to prosecute, we exercise our jurisdiction to entertain this appeal from the order and judgment of foreclosure and sale (see Palmieri v Perry, Van Etten, Rozanski & Primavera, LLP, 200 AD3d 785, 785-786; Wells Fargo Bank, N.A. v Harrigan, 179 AD3d 1142).
Generally, in order to establish its prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage agreement, the unpaid note, and evidence of the default (see Nationstar Mtge., LLC v Calomarde, 201 AD3d 940, 941). Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must also prove its standing as part of its prima facie showing on a motion for summary judgment (see Ditech Fin., LLC v Naidu, 198 AD3d 611, 613; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). "A plaintiff in a mortgage foreclosure action establishes its standing by demonstrating that, when the action was commenced, it was the holder or assignee of the underlying note" (Ditech Fin., LLC v Naidu, 198 AD3d at 613; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 725). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Ditech Fin., LLC v Naidu, 198 AD3d at 613 [internal quotation marks omitted]).
Here, the plaintiff failed to establish, prima facie, that it had standing to commence this action. Although the plaintiff attached to the complaint copies of the note and three undated purported allonges, one of which was endorsed in blank, the plaintiff did not demonstrate that the purported allonges, which were each on a piece of paper completely separate from the note and the other allonges, were "so firmly affixed" to the note "as to become a part thereof," as required by UCC 3-202(2) (see Nationstar Mtge., LLC v Calomarde, 201 AD3d 940; Wells Fargo Bank, N.A. v Maleno-Fowler, 194 AD3d 1094, 1095).
Additionally, the plaintiff failed to establish its status as the holder of the note at the time of the commencement of the action. In her affidavit, a representative employed by the plaintiff's loan servicer did not attest that she was personally familiar with the plaintiff's record-keeping practices and procedures, and therefore, the plaintiff failed to demonstrate that the records relied upon by the affiant were admissible under the business records exception to the hearsay rule (see Deutsche Bank Natl. Trust Co. v Crosby, 201 AD3d 878; EMC Mtge. Corp. v Tinari, 169 AD3d 1006, 1007).
The plaintiff also failed to establish, prima facie, that it complied with the condition precedent contained in the mortgage agreement, which required that it provide the defendant with a notice of default prior to demanding payment of the loan in full. The evidence submitted by the plaintiff did not establish that a notice of default was mailed by first-class mail or actually delivered to the defendant's "notice address" if sent by other means, as required by the terms of the mortgage agreement (see Deutsche Bank Natl. Trust Co. v Crosby, 201 AD3d 878). The copies of the notice of default without proof of mailing, along with the affidavit of the representative of the plaintiff's loan servicer averring, based upon her review of unspecified business records which were not attached to the affidavit, that the notice of default was sent, were insufficient to satisfy the plaintiff's prima facie burden (see Bank of Am., N.A. v Shirazi, 203 AD3d 1005, 1007).
Accordingly, since the plaintiff failed to make a prima facie showing of its entitlement to judgment as a matter of law, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant should have been denied, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are without merit.
DILLON, J.P., CHAMBERS, MALTESE and WARHIT, JJ., concur.

2019-09530 DECISION & ORDER ON MOTION
U.S. Bank National Association, etc., respondent,
v Congregation Divrie Yoel, etc., appellant,
et al., defendants.
(Index No. 1782/16)

Motion by the respondent, inter alia, to dismiss an appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Orange County, dated June 11, 2019, on the ground that the dismissal of a prior appeal precludes consideration of the issues to be raised on this appeal. By decision and order on motion of this Court dated December 26, 2019, that branch of the respondent's motion which is to dismiss the appeal on the ground that the dismissal of a prior appeal precludes consideration of the issues to be raised on this appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the respondent's motion which is to dismiss the appeal on the ground that the dismissal of a prior appeal precludes consideration of the issues to be raised on the appeal is denied.
DILLON, J.P., CHAMBERS, MALTESE and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court