In the Matter of the COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, as Assignee of EILEEN BORCHERDING, Appellant, v CHARLES RADTKE, Respondent.

First Department, April 9, 1981

### APPEARANCES OF COUNSEL

*Jeanette Lifschitz* of counsel *(Marci Kelly* with her on the brief; *Allen G. Schwartz, Corporation Counsel,* attorney), for appellant.

No appearance by respondent.

### OPINION OF THE COURT

SILVERMAN, J.

This is a paternity and support proceeding pursuant to articles 5 and 5-A of the Family Court Act brought by the Commissioner of Social Services of the City of New York against the putative father. The Family Court dismissed the petition on motion, before trial, on the ground that the proceeding was commenced more than 10 years after the birth of the child and was thus time barred under subdivision (b) of section 517 of the Family Court Act.

It was the position of the petitioner that respondent had written letters implicitly acknowledging paternity and had continuously furnished support to the child from 1975 through 1979, and that, therefore, the Statute of Limitations was tolled under the tolling provisions of subdivision (a) of section 517 of the Family Court Act.

Subdivisions (a) and (b) of section 517 of the Family Court Act provide:

"(a) Proceedings to establish the paternity of the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing support, or unless the mother is under the age of eighteen years, in which case the time limitation is extended until two years after the mother reaches the age of eighteen years.

"(b) If the petitioner is a public welfare official, the proceeding may be originated not more than ten years after the birth of the child."

The Family Court held that because the tolling provisions were contained in subdivision (a) of section 517 of the Family Court Act relating to the two-year Statute of Limitations applicable to proceedings by the mother, they did not toll the ten-year provision of subdivision (b) applicable to public welfare officials.

On the facts of this case, we disagree. We think the holding by the Family Court does not give adequate effect to the Commissioner's status as assignee of the mother.

In 1977 the Legislature added the following provision to section 348 of the Social Services Law (L 1977, ch 516, § 8) : "2. Application for or receipt of aid to dependent children shall operate as an assignment to the state and the social services district concerned of any rights to support from any other person as such applicant or recipient may have in his own behalf or in behalf of any other family member for whom the applicant or recipient is applying for or receiving assistance."

While the record is not as explicit as it might be, there are abundant indications that the mother is a recipient of

public assistance, a portion of which consisted of Aid to Families with Dependent Children on behalf of the infant; and that the commissioner is the statutory (and perhaps the contractual) assignee of the mother. There are no contrary indications.

Thus most of the papers are captioned in the name of the commissioner "as Assignee of" the mother. The Family Court's decision refers to the commissioner as such assignee. The Family Court record transmitted to us includes a copy of an affidavit alleging paternity, signed by the mother, and containing a request that the commissioner institute paternity and support proceedings against the named putative father. The caption of the petition contains after the mother's name an "ADC" number, presumably referring to Aid to Dependent Children. The Family Court file also contains a court referral summary which includes a "Client's PA [public assistance] Budget" for two persons.

For the purposes of this motion on affidavits, we must assume that the petitioner is a recipient of public assistance, a portion of which consisted of Aid to Families with Dependent Children. (Cf. Social Services Law, §§ 158, 349.)

It seems to us clear that the Legislature must have intended that so long as the mother, a recipient of public assistance on behalf of herself and her child, can hold the putative father for support, the commissioner, as her assignee who is furnishing such support, should also be able to hold the putative father. We do not think the Legislature could have intended that the mother had the choice of compelling the putative father to support the child or to place that obligation of support on the commissioner with no remedy by the commissioner against the father.

We note futher that cases may well arise in which the mother and child do not begin to receive public assistance until the child is 10 years old; indeed, it is conceivable that a father might have only discontinued supporting the child after the child was 10 years of age.

Again, it is possible for a mother to have instituted paternity and support proceedings in her own name after both the two-year and 10-year periods specified in section 517 of the Family Court Act but within the tolled period of sub-

division (a) of section 517 of the Family Court Act. If during the pendency of the proceedings the mother became a recipient of public assistance and the commissioner, as her assignee, was substituted as petitioner, it can hardly be that the proceedings, timely when begun, became barred by limitations of time when the mother's assignee, the commissioner, was substituted.

These anomalies were resolved by the 1977 amendment of section 348 of the Social Services Law under which the receipt of aid to dependent children operates as an assignment of the right to support from any other person, here the putative father. Thus to the commissioner's formerly existing right to sue the putative father in the commissioner's own right, there was added a separate right to sue the putative father by the commissioner as assignee of the mother. The commissioner's suit in his own right will be governed by the Statute of Limitations applicable to suits by the commissioner, i.e., subdivision (b) of section 517 of the Family Court Act; his suit as assignee of the mother will be governed by the statute applicable to suits by the mother, i.e., subdivision (a) of section 517 of the Family Court Act, with its tolling provisions.

The order of the Family Court, Bronx County (MATTHEWS, J.), entered October 1, 1980, dismissing the petition on the ground of the Statute of Limitations, should be reversed, on the law, and the motion to dismiss the petition should be denied, without costs.

BIRNS, J. P., CARRO, MARKEWICH and BLOOM, JJ., concur.

Order, Family Court, Bronx County, entered on October 1, 1980, reversed, on the law, and the motion to dismiss the petition denied, without costs and without disbursements.