OPINION OF THE COURT
Jeffry H. Gallet, J.
The Commissioner of Social Services moves to reargue respondent’s motion to dismiss these paternity proceedings on the grounds that they are barred by the Statute of Limitations (Family Ct Act, § 517, subd [b]). The motion to reargue is granted and, on reargument, respondent’s motion to dismiss the petition is denied.
THE COMMISSIONER’S ARGUMENT
The commissioner argues that subdivision (b) of section 517 of the Family Court Act is constitutionally defective because it unreasonably discriminates against nonmarital children seeking support from their fathers. (Mills v Habluetzel, 456 US 91; Pickett v Brown, 462 US —, 103 S Ct 2199; Matter of Esther W. v Melvin H., 119 Misc 2d 690; Matter of Patricia R. v Peter W., 120 Misc 2d 986.) He argues that had this petition been brought by the mother herself, it would not be time barred by subdivision (a) of *668 section 517 of the Family Court Act since the Statute of Limitations contained in that section was declared unconstitutional in Matter of Patricia R. v Peter W. (supra), the reasoning and result of which I embrace.
DISCUSSION
The case before me differs from Pickett v Brown (supra) and Mills v Habluetzel (supra), in that there is no discrimination against the children. Although the commissioner is prohibited from seeking reimbursement of moneys he expends to support them, the children’s right to be supported by the commissioner remains equal to those of children born in wedlock, where the commissioner may seek reimbursement from the father. Since only the commissioner is harmed, his arguments fall short of constitutional magnitude and the statute must be upheld. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd c.) It is within the legislative purview, absent constitutional infirmity, to set reasonable limitations on actions and 10 years is not, per se, unreasonable. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 59.)
What the commissioner does not argue, but what the court cannot ignore, is that section 348 of the Social Services Law gives him a separate and independent right to sue as the mother’s assignee. As her assignee he succeeds to her rights under subdivision (a) of section 517 of the Family Court Act and the Statute of Limitations, if any, set forth in subdivision (a) of section 517 governs. (Commissioner of Social Servs. v Radtke, 80 AD2d 89.)
The commissioner has different rights under subdivision (a) of section 517 as the mother’s assignee from those that he has under subdivision (b) of section 517 where he sues on his own behalf. Since Judges Gilman (Matter of Esther W. v Melvin H., supra) and Schechter (Matter of Patricia R. v Peter W., supra) ruled that the two-year and then the five-year Statute of Limitations for a mother to bring a paternity proceeding were unconstitutional, there is no longer any time limitation for bringing a paternity proceeding pursuant to subdivision (a) of section 517. Therefore, when the commissioner sues as the mother’s assignee pursuant to subdivision (a) of section 517 he is also not subject to any Statute of Limitations.
*669 When the commissioner sues on his own behalf pursuant to subdivision (b) of section 517 he is subject to the 10-year Statute of Limitations set forth in that section. For example, if the children resided with a grandmother who received public assistance for them and there was no assignment of rights by the mother, the commissioner would be bound by the 10-year limitation of subdivision (b) of section 517. He would not have any rights under subdivision (a) of section 517 since he would not be the mother’s assignee. There is a clear legislative intent to give the commissioner a different right to be reimbursed for the support of the children under subdivision (b) of section 517 from that given the mother under subdivision (a) of section 517.
CONCLUSION
For all of the foregoing reasons the constitutionality of subdivision (b) of section 517 of the Family Court Act is upheld. However, the court finds that in the instant case the commissioner is suing as the mother’s assignee and as such he is not subject to any time limitation.
This case shall appear on the Part V Trial Calendar, on March 15, 1984.