Citibank, N.A. v Potente (2022 NY Slip Op 06464)

Citibank, N.A. v Potente

2022 NY Slip Op 06464

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2019-04442
 (Index No. 1153/17)

[*1]Citibank, N.A., respondent,
v
Ralph Potente, etc., et al., appellants.

Schlissel DeCorpo, LLP, Lynbrook, NY (Elliot S. Schlissel of counsel), for appellants.
Davidson Fink LLP, Rochester, NY (Ashley E. Ragan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 14, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference, and denied the defendants' cross motion, in effect, for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On April 18, 2008, the defendants executed a consolidation, modification, and extension agreement (hereinafter the CEMA) that consolidated several mortgages and created a single lien in the amount of $700,000 in favor of the plaintiff. The CEMA was secured by a mortgage on certain real property located in Nassau County.
In February 2017, the plaintiff commenced this action to foreclose the mortgage against the defendants. The plaintiff attached a copy of the CEMA to the complaint. The CEMA is endorsed in blank on the final page, beneath the defendants' signatures. In their answer, the defendants alleged, inter alia, that the plaintiff committed fraud in the inducement and lacked standing.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. In support of the motion, the plaintiff submitted an affidavit from Helen Fraser, a vice president of document control of CitiMorgage, Inc. (hereinafter CitiMortgage), the plaintiff's loan servicer. Fraser stated that she was familiar with the records and record-keeping practices of both CitiMortgage and the plaintiff. Fraser stated that the defendants "have defaulted under the terms and conditions of the above stated Note by failing to make the July 12, 2016 payment and all successive payments thereafter." She did not attach any business records to her affidavit.
The defendants opposed the plaintiff's motion and cross-moved, in effect, for summary judgment dismissing the complaint, arguing, inter alia, that the plaintiff lacked standing, had unclean hands, and committed fraud in the inducement. In support of the cross motion, the defendants submitted an affidavit from the defendant Ralph Potente in which he stated that he and the defendant Richard Jankura relied on an appraisal provided by the plaintiff, valuing the subject property at $2.3 million, in deciding to enter into the CEMA. The defendants also submitted their own retrospective appraisal of the subject property, valuing it at $1.33 million as of the date they entered into the CEMA.
In an order entered December 14, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference, and denied the defendants' cross motion, in effect, for summary judgment dismissing the complaint. The defendants appeal.
The Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference. Although the court correctly determined that the plaintiff established standing by attaching the properly endorsed CEMA to the complaint (see U.S. Bank N.A. v Hadar, 206 AD3d 688), the court erred in determining that the plaintiff submitted admissible evidence establishing the defendants' default.
"In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895; see Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236). "[A]s a general rule, the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209 [internal quotation marks omitted]). "However, such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (id. at 209).
Nevertheless, "it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (id. at 205; see U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 850, 851). Here, Fraser's assertion in her affidavit regarding the defendants' default, without attaching the business records upon which she relied in making that assertion, constituted inadmissible hearsay (see U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d at 851).
The Supreme Court, however, properly denied the defendants' cross motion, in effect, for summary judgment dismissing the complaint on the ground, inter alia, that the plaintiff fraudulently induced them into entering into the CEMA by giving them an inflated appraisal report. A party asserting a claim based upon fraudulent misrepresentation must establish (1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; Benjamin v Yeroushalmi, 178 AD3d 650, 654). The question of what constitutes reasonable or justifiable reliance is "'always nettlesome because it is so fact-intensive'" (DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 155, quoting Schlaifer Nance & Co. v Estate of Warhol, 119 F3d 91, 98 [2d Cir]). "'[I]f the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him [or her] of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he [or she] must make use of those means, or he [or she] will not be heard to complain that he [or she] was induced to enter into the transaction by misrepresentations'" (DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d at 154, quoting Schumaker v Mather, 133 NY 590, 596; see ISS Action, Inc. v Tutor Perini Corp., 170 AD3d 686, 688; Cervera v Bressler, 126 AD3d 924, 926). "Where, however, a [party asserting fraud] has taken reasonable steps to protect itself against deception, it should not be denied recovery merely because hindsight suggests that it might have been possible to detect the fraud when it occurred" (DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d at 154). Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law, as they failed to demonstrate [*2]the absence of triable issues of fact as to whether, inter alia, they reasonably relied upon the plaintiff's allegedly inflated appraisal report before entering into the CEMA (see DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d at 155-156).
The defendants' remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court