Green Tree Servicing, LLC v Huda (2023 NY Slip Op 06238)

Green Tree Servicing, LLC v Huda

2023 NY Slip Op 06238

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
HELEN VOUTSINAS, JJ.

2021-04207
 (Index No. 707846/15)

[*1]Green Tree Servicing, LLC, respondent, 
v
S. M. Khaled Huda, appellant, et al., defendants.

Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant S. M. Khaled Huda appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered December 18, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant S. M. Khaled Huda and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant S. M. Khaled Huda and for an order of reference are denied.
On December 2, 2011, the defendant S. M. Khaled Huda (hereinafter the defendant) executed a home affordable modification agreement (hereinafter the modification agreement) which modified a prior mortgage and note and created a lien in the amount of $462,159.96 in favor of EverBank. The modification agreement was secured by a mortgage on certain real property in Queens. EverBank assigned the mortgage to the plaintiff by an assignment of mortgage dated November 7, 2014.
In July 2015, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer in which he asserted numerous affirmative defenses, including that the plaintiff failed to provide notices required under the mortgage.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order entered December 18, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The defendant appeals.
Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by submitting the mortgage agreement "and unpaid note, along with evidence of the default" (Citibank, N.A. v Potente, [*2]210 AD3d 861, 862 [internal quotation marks omitted]; see Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236). Additionally, "[w]here it is alleged that a plaintiff has failed to comply with a condition precedent to the enforcement of a mortgage, the plaintiff must proffer sufficient evidence to establish, prima facie, that it complied with the condition precedent" (Deutsche Bank Natl. Trust Co. Ams. v Banu, 205 AD3d 887, 889 [internal quotation marks omitted]; see CPLR 3015[a]; HSBC Bank USA, N.A. v Boursiquot, 204 AD3d 980, 983).
Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, as it failed to submit evidence demonstrating that the defendant defaulted on the loan and that the plaintiff complied with the notice of default provisions in the mortgage. In support of its motion, the plaintiff submitted an affidavit of Kindra Denny, a document execution specialist for the plaintiff. Denny averred that she was familiar with the type of records maintained by the plaintiff in connection with the loan at issue and had personal knowledge of the plaintiff's procedures for creating such records. She averred that the plaintiff's records were "made at or near the time of the occurrence of the matters recorded by [a] person with personal knowledge of the information in the business record" and "kept in the course of [the plaintiff's] regularly conducted business activities." Denny further averred that the defendant "failed to comply with the terms of the note and mortgage by defaulting in the payment of principal and interest in the amount of $1,887.05 that became due on April 1, 2014." However, she also stated that the plaintiff took possession of the note on July 2, 2014. Denny failed to aver that she was familiar with the record-keeping practices and procedures of the entity that generated the records evidencing the defendant's default or establish that the records provided by the maker were "incorporated into the recipient's own records" and "routinely relied upon by the recipient in its own business" (Citibank, N.A. v Potente, 210 AD3d at 862 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209).
Moreover, even if Denny's affidavit set forth a proper foundation for the admissibility of the unspecified records upon which she relied, Denny failed to identify those records, and the plaintiff failed to submit copies of the records themselves (see Deutsche Bank Natl. Trust Co. Ams. v Banu, 205 AD3d at 889; U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 763). "[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (U.S. Bank N.A. v Zakarin, 208 AD3d 1275, 1277 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Gordon, 171 AD3d at 205). Without the submission of the business records upon which she relied, Denny's assertions regarding the defendant's alleged default on the loan were inadmissible hearsay (see MTGLQ Invs., L.P. v Rashid, 213 AD3d 839, 840; U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 763).
Similarly, Denny's assertions regarding the purported mailing of the notice of default were insufficient to establish a mailing, even when considered together with a copy of the notice of default (see Deutsche Bank Natl. Trust Co. Ams. v Banu, 205 AD3d at 890; U.S. Bank N.A. v Cope, 175 AD3d 527, 530). Denny failed to aver that she was familiar with the mailing practices and procedures of the plaintiff (see U.S. Bank N.A. v Peykar, 194 AD3d 884, 886; Ridgewood Sav. Bank v Van Amerongen, 189 AD3d 1639, 1640). Since the plaintiff failed to provide evidence of the actual mailing or "proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure," the plaintiff failed to establish that the notice of default was sent in accordance with the terms of the mortgage (Deutsche Bank Natl. Trust Co. Ams. v Banu, 205 AD3d at 890 [internal quotation marks omitted]; see Ridgewood Sav. Bank v Van Amerongen, 189 AD3d at 1640; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
CONNOLLY, J.P., BRATHWAITE NELSON, CHAMBERS and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court