## Prosperum Capital Partners LLC v Bottego Enters., Inc.

2024 NY Slip Op 31385(U)

April 19, 2024

Supreme Court, Kings County

Docket Number: Index No. 529406/2022

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of
Kings, at the Courthouse,
at Civic Center, Brooklyn,
New York, on the 19th day
of April 2024

HONORABLE FRANCOIS A. RIVERA

-------------------------------------------------------------------X

PROSPERUM CAPITAL PARTNERS LLC
D/B/A ARSENAL FUNDING,

                                    Plaintiff,          **DECISION & ORDER**
                                                        Index No. 529406/2022

                    -against-

BOTTEGO ENTERPRISES, INC.,
DBA PRECISION CRAFTSMAN,
and ALFRED D BOTTEGO,

                                    Defendants.

-------------------------------------------------------------------X

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on November 14, 2023, by Prosperum Capital Partners LLC D/B/A Arsenal Funding (hereinafter the plaintiff) for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, breach of a guarantee agreement and attorney's fees against Bottego Enterprises, Inc., D/B/A Precision Craftsman (hereinafter the business defendant), and Alfred Bottego (hereinafter the individual defendants) (collectively the defendants) for breaching the agreements. The motion is unopposed.

-Notice of Motion
-Statement of Material Facts
-Affirmation in Support
-Affidavit in Support
        Exhibits A-E
-Memorandum of law in support

1 of 8

## BACKGROUND

On October 11, 2022, plaintiff commenced the instant action by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On November 7, 2022, the defendants interposed and filed a joint verified answer with the KCCO.

The verified complaint alleges thirty-two allegations of fact in support of three denominated causes of action. The first is for breach of contract, the second is for breach of a guarantee agreement, and the third is for attorney's fees based on an alleged breach of the agreement.

The verified complaint alleges the following salient facts. On or about June 16, 2022, the business defendant, in consideration of the sum of $25,000.00, sold, assigned, and transferred to plaintiff nine (9%) percent of its future sales proceeds, up to an aggregate amount of $37,250.00. Pursuant to the aforesaid agreement, the business defendant agreed to have one bank account approved by plaintiff (hereinafter the "Bank Account") from which the business defendant authorized plaintiff to debit 9% of its daily revenue until the amount of receivables of $37,250.00 was paid in full. Also, by the agreement, Alfred Bottego executed a personal guarantee if the business defendant defaulted on the agreement.

On or about September 21, 2022, the business defendant stopped making its payments to plaintiff and otherwise breached the agreement by intentionally impeding and preventing plaintiff from making the agreed upon ACH withdrawals from the Bank Account while conducting regular business operations and still in receipt of accounts-receivable.

[* 2]

In total, the business defendant remitted the amount of $22,350.24 leaving a balance of $14,899.76 remaining due and owing. Additionally, pursuant to the agreement, the business defendant incurred a "Default Fee" in the amount of $7,500.00, a "Non-Sufficient Fees" in the amount of $400.00 and a "UCC Filing Fee" in the amount of $195.00 to cover the cost of filing UCC-1 financing statement for a total balance of $22,994.76 due and owing to the plaintiff.

Pursuant to the terms of the agreement, defendants further owe plaintiff a total of $3,724.94 representing reasonable attorney's fees, or twenty five percent (25%), incurred in the collection of the underlying balance. By reason of the foregoing, the plaintiff has been damaged in the sum of $22,994.76, together with attorney's fees of $3,724.94, resulting in a sum total of $26,719.70. Despite due demand, the business defendant has failed to pay the amounts due and owing.

## LAW AND APPLICATION

The defendants did not submit opposition to the instant motion. However, "[a] summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion, (i.e. 'defaulted')" (*Liberty Taxi Mgt., Inc. v Gincherman*, 32 AD3d 276, 278 n [1st Dept 2006], citing *Vermont Teddy Bear Co., v 1-800 Beargram Co.*, 373 F3d 241, 244 [2d Cir 2004] ["the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the ... court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law"]; *see Cugini v System Lumber Co., Inc.*, 111

[* 3]

3 of 8

AD2d 114, 115 [1st Dept 1985]).

It is well established that summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324-25 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material facts (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003]).

A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez*, 68 NY2d at 324).

Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all of the evidence must be viewed in the light most favorable to the opponent of the motion *(Marine Midland Bank v Dino & Artie's Automatic Transmission Co.,* 168 AD2d 610, 610 [2d Dept 1990]).

In the case at bar, the only sworn testimony submitted by the plaintiff in support of the motion was an affirmation of Jeffrey Parella, its counsel (hereinafter Parella), and an affidavit of Marlen Kruzhkov, its managing member (hereinafter Kruzhkov).

Parella's affirmation demonstrated no personal knowledge of any of the

transactional facts alleged in the complaint. "An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance" (*Nerayoff v Khorshad*, 168 AD3d 866, 867 [2d Dept 2019], citing *Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2d Dept 2006]). Parella's affirmation states that additional facts in support of the motion are contained in the affidavit of Kruzhkov.

Kruzhkov's affidavit is used to authenticate the agreement which was allegedly breached by the defendants. He averred that he is the managing member of the plaintiff and, as such, has personal knowledge of plaintiff's business practices and procedures. He further averred that the factual allegations proffered in support of the motion for summary judgment were derived from his review of the plaintiff's business records. He then referred to the three documents attached to the motion, namely, the agreement, a document denominated as proof of payment and a document denominated as a payment history.

Kruzhkov's affidavit averred that the defendants defaulted on the agreement by either blocking plaintiff's access to a designated bank account from which the business defendant agreed to permit plaintiff to withdraw receivables, or by failing to deposit receivables into the bank account, or by depositing receivables into an account other than the agreed upon bank account.

Kruzhkov's alleged that the payment history, annexed as exhibit C to his affidavit, was proof of the defendants' default. "A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (*Citibank, N.A. v Cabrera*, 130 AD3d 861, 861 [2d

[* 5]

Dept 2015]). Generally, "the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (*Bank of N.Y. Mellon v Gordon*, 171 AD3d 197, 209 [2d Dept 2019], quoting *Standard Textile Co. v National Equip. Rental*, 80 AD2d 911, 911 [2d Dept 1981]). "However, such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (*Bank of N.Y. Mellon*, 171 AD3d at 209).

In paragraph 16 of Kruzhkov's affidavit, Kruzhkov alleged that the defendants breached the agreement "by defaulting on its representations and warranties to Plaintiff under the Agreement and by failing to direct its receivables/ payments to Plaintiff, by blocking Plaintiff's access to a designated bank account from which Business Defendant agreed to permit Plaintiff to withdraw receivables, by failing to deposit receivables into the Bank Account, and/or by depositing receivables into an account other than the agreed upon Bank Account." Although the plaintiff contends that defendants performed certain acts, the alleged acts were stated in the alternative and the payment history did not provide proof of any one of the alleged acts. Here, the payment history is submitted without explaining how to read it. It is not self-explanatory. Nor does it establish any of the alleged acts by the defendants constituting a default under the agreement.

[* 6]

The plaintiff did not annex its own bank records or the bank records of the defendants in support of the motion. It is unclear whether the payment history data is derived from other records. "[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (*Citibank, N.A. v Potente*, 210 AD3d 861, 862 [2d Dept 2022], quoting *Bank of N.Y. Mellon*, 171 AD3d at 205). Accordingly, evidence of the contents of business records is admissible only where the records themselves are introduced. "Without their introduction, a witness's testimony as to the contents of the records is inadmissible hearsay" (*Bank of New York Mellon v Gordon*, 171 AD3d 197 [2d Dept 2019]). In sum, plaintiff has failed to make a prima facie showing of entitlement to summary judgment on it claim that the business defendants breach of the agreement.

Inasmuch as the plaintiff did not make a prima facie showing that the business defendant breached the agreement, the plaintiff did not establish that the obligation of the individual guarantor was triggered. As a result, the plaintiff also failed to show that the guarantor breached the agreement.

Inasmuch, as the plaintiff failed to demonstrate that any defendant breached the agreement, the third cause of action for attorney's fees based on a breach of the agreement is also unsupported. The motion is therefore denied without regard to the sufficiency or lack of opposing papers (*See Cugini v System Lbr. Co.*, 111 AD2d 114, 115 [1st Dept 1985]).

## CONCLUSION

The motion by Prosperum Capital Partners LLC D/B/A Arsenal Funding for an

[* 7]

order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, breach of a guarantee agreement, and attorney's fees based on the breach asserted as against Bottego Enterprises, Inc., D/B/A Precision Craftsman and Alfred Bottego is denied.

The foregoing constitutes the decision and order of the Court.

ENTER:

_____

J.S.C.

HON. FRANCOIS A. RIVERA

[*8]