Capybara Capital LLC v JA Sys. LLC (2024 NY Slip Op 51382(U))

[*1]

Capybara Capital LLC v JA Sys. LLC

2024 NY Slip Op 51382(U)

Decided on October 7, 2024

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 7, 2024
Supreme Court, Kings County

Capybara Capital LLC, Plaintiff,

against
JA Systems LLC d/b/a CATALAN TAPAS BAR and JENNIFER CRAMER, Defendants.

Index No. 527824/2023

Attorney for Plaintiff
Rickin Desai Law P.C.
By: Rickin Desai
167 Madison Avenue Room 205, Pmb 3008
New York, NY 10016
(973) 739-8707
rickin@rdesailaw.com
Attorney for Defendants
Jane Srivastava
99 Wall Street #814
New York, NY 10005
(646) 588-1335
jsrivastava@businessdebtlawgroup.com

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on May 24, 2024, under motion sequence number one, by Capybara Capital LLC (hereinafter plaintiff) for an order pursuant to CPLR 3212 granting summary in its favor on its claims asserted against JA System LLC d/b/a Catalan Tapas Bar (hereinafter the LLC defendant) and Jennifer Cramer (hereinafter the individual defendant) (collectively the defendants). The motion is unopposed.
-Notice of motion
-Affidavit in support
-Affirmation in support            Exhibits A-F
-Memorandum of law in support
-Statement of material facts
BACKGROUND
On September 26, 2023, plaintiff commenced the instant action by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On October 26, 2023, the defendants jointly interposed and filed an answer with the KCCO. 
The verified complaint alleges nineteen allegations of fact in support of two causes of action. The first is for breach of contract and the second is for breach of a guaranty agreement.
The verified complaint alleges the following salient facts. Pursuant to a receivable purchase agreement (hereinafter the agreement) and personal guaranty dated November 9, 2022, the plaintiff purchased from the LLC defendant its future accounts receivable having a face value of $58,400.00. By the agreement, the individual defendant executed a personal guarantee if the LLC defendant defaulted on the agreement.
On February 27, 2023, the LLC defendant defaulted under the agreement by changing the designated bank account without plaintiff's authorization, by placing a stop payment on plaintiff's debits to the account or by otherwise taking measures to interfere with plaintiff's ability to collect the future receivables. After a series of payments, on or about February 27, 2023, the LLC defendant stopped paying and went into default. Plaintiff has not received any cleared payments from the LLC defendant since the default. Plaintiff demanded repayment of money paid under the agreement from the LLC and individual defendant. The LLC and individual defendants have failed and refused to pay the sums due under the agreement. 
Plaintiff now has a balance of $31,285.90 in undelivered future receivables, along with a contractual default fee of $5,000.00 (hereinafter default fee) and a contractual insufficient funds fee of $150.00 (hereinafter NSF fee). Subtracting the amount of receivables plaintiff has previously collected from the LLC defendant under the agreement from the total future receivables purchased by plaintiff, there is presently due and owing from the defendants to plaintiff the amount of $36,435.90, with interest from February 27, 2023, plus its costs and expenses of collection, including reasonable attorney's fees.
LAW AND APPLICATION
The defendants did not submit opposition to the instant motion. However, a summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion, i.e. defaulted (Liberty Taxi Mgt., Inc. v Gincherman, 32 AD3d 276, 278 n [1st Dept 2006], citing Vermont Teddy Bear Co., v 1800 Beargram Co., 373 F3d 241 [2d Cir 2004]. ["the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the. . .court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law."]; see Cugini v System Lumber Co., Inc., 111 AD2d 114 [1st Dept 1985]).
It is well-established that summary judgment may be granted only when no triable issue of fact exists (Alvarez v Prospect Hospital, 68 NY2d 320 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material issues of fact (Giuffrida v Citibank, 100 NY2d 72 [2003]).
A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (Ayotte v Gervasio, 81 NY2d 1062 [1993]). If [*2]prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (Alvarez, 68 NY2d at 324).
Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all of the evidence must be viewed in the light most favorable to the opponent of the motion (Marine Midland Bank v Dino & Artie's Automatic Transmission Co., 168 AD2d 610 [2d Dept 1990]).
The only sworn testimony proffered in support of the motion is an affirmation of Rickin Desai, plaintiff's counsel (hereinafter Desai), and an affidavit of John Conroy (hereinafter Conroy). Desai's affirmation demonstrates no personal knowledge of any of the transactional facts alleged in the complaint. "An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance" (Nerayoff v Khorshad, 168 AD3d 866, 867 [2d Dept 2019], quoting Warrington v Ryder Truck Rental, Inc., 35 AD3d 455, 456 [2d Dept 2006]). 
Conroy verified the complaint stating therein that he is an authorized representative of the plaintiff. Conroy repeated that claim in his affidavit in support of the motion. His affidavit does not explain the basis of his claim that he is an authorized representative of the plaintiff.
Conroy has also averred that he has personal knowledge of the plaintiff's business practices and procedures. He further avers that the factual allegations proffered in support of the motion for summary judgment are derived from his review of the plaintiff's business records. He then referred to the three documents attached to the motion, namely, the agreement, a document denominated as a remittance history, and a document denominated as proof of payment. 
It is noted that Conroy did not aver that he is a signatory to the agreement or that he participated in the execution of same. Conroy's affidavit avers that pursuant to the agreement plaintiff purchased 7.60% of the LLC's defendants future accounts receivable up to the sum of $58,400.00 in exchange for an upfront purchase price of $40,000.00. Conroy's affidavit is the first sworn factual allegation of the purchase price for the plaintiff's future receivables. Conroy further avers that annexed as exhibit B to the motion is proof of the plaintiff's funding of the $40,000.00 purchase price. Exhibit B is a one-page document containing over twenty-five completely redacted lines. Of the four lines that is not redacted contains the following text: "November 14 OUTGOING WIRE 38,400,00." Conroy does not explain the document. 
Conroy has referred to the remittance history, annexed as exhibit B to his affidavit, as proof of the defendants' default. The remittance history is submitted without explaining it meaning. It is neither self-explanatory nor self-admitting and there is an insufficient foundation for its admission as a business record. "A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Citibank, N.A. v Cabrera, 130 AD3d 861, 861 [2d Dept 2015]). Generally, "the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (Bank of NY Mellon v Gordon, 171 AD3d 197, 209 [2d Dept 2019], quoting Standard Textile Co. v National Equip. Rental, 80AD2d 911, 911 [2d Dept 1981]). "However, such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures or establish that the records provided by the maker were incorporated into the [*3]recipient's own records and routinely relied upon by the recipient in its own business" (Bank of NY Mellon, 171 AD3d at 209). 
Conroy has also contended that the LLC engaged in certain acts constituting a breach of the agreement. The alleged acts were stated in the alternative in the verified complaint. Conroy's affidavit repeated verbatim the alleged acts stated in the verified complaint. Conroy, however, provided no admissible evidence demonstrating any one of the alleged acts. "[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Citibank, N.A. v Potente, 210 AD3d 861, 862 [2d Dept 2022], quoting Bank of NY Mellon, 171 AD3d at 205). Accordingly, evidence of the contents of business records is admissible only where the records themselves are introduced. "Without their introduction, a witness's testimony as to the contents of the records is inadmissible hearsay" (Bank of New York Mellon, 171 AD3d).
"The essential elements of a cause of action to recover damages for breach of contract are 'the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach'" (Cruz v Cruz, 213 AD3d 805, 807 [2d Dept 2023], quoting Klein v Signature Bank, Inc., 204 AD3d 892, 895 [2022]).
To prevail on the instant motion, it was incumbent upon the plaintiff to prove each of these elements as a matter of law. The plaintiff provided no evidence demonstrating that it performed its part of the agreement by paying the LLC defendant the agreed-upon purchase price. Furthermore, the plaintiff did not provide admissible evidence demonstrating the LLC's breach of the agreement. Consequently, the plaintiff did not meet its burden of demonstrating as a matter of law that the LLC defendant breached the agreement. Inasmuch as the plaintiff did not make a prima facie showing that the LLC defendant breached the agreement, the obligation of the guarantor was not triggered. As a result, the plaintiff also failed to show that the guarantor breached the agreement.
Inasmuch, as the plaintiff failed to demonstrate that the LLC defendant or the individual defendant breached the agreement, the instant motion is denied without regard to the sufficiency or lack of opposing papers (Cugini v System Lbr. Co., 111 AD2d 114, 115 [1st Dept 1985]).
CONCLUSION
The motion by Capybara Capital LLC for an order pursuant to CPLR 3212 granting summary on its claims asserted against JA System LLC d/b/a Catalan Tapas Bar and Jennifer Cramer is denied.
The foregoing constitutes the decision and order of the Court.
ENTER:
J.S.C.