**Wilmington Sav. Fund Socy., FSB v Elmine**

2024 NY Slip Op 34140(U)

November 19, 2024

Supreme Court, Queens County

Docket Number: Index No. 721346/22

Judge: Timothy J. Dufficy

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**Short Form Order**



### NEW YORK SUPREME COURT - QUEENS COUNTY

**PRESENT: HON. TIMOTHY J. DUFFICY**         **PART 35**
                    **Justice**

-------------------------------------------------------------------------x

**WILMINGTON SAVINGS FUND SOCIETY, FSB,**      **Index No.: 721346/22**
**NOT IN ITS INDIVIDUAL CAPACITY BUT**          **Mot. Date: 7/30/24**
**SOLELY AS OWNER TRUSTEE OF THE ASPEN**    **Mot. Seq. 3**
**HOLDINGS TRUST, A DELAWARE STATUTORY**
**TRUST,**

                       **Plaintiff,**

     **-against-**


**FREDDY ELMINE, MARIE BAPTISTE-ELMINE,**
**CITIBANK, N.A., NEW YORK CITY**
**ENVIRONMENTAL CONTROL BOARD, NEW**
**YORK CITY PARKING VIOLATIONS BUREAU,**
**NEW YORK CITY TRANSIT ADJUDICATION**
**BUREAU, and "JOHN DOE No. 1 through JOHN**
**DOE No. 99", said names being fictitious, parties**
**intended being possible tenants or occupants of**
**premises, and corporations, other entities or persons**
**who claim, or may claim, a lien against the premises,**

                      **Defendants.**

-------------------------------------------------------------------------x

The following papers were read on this motion by plaintiff for an order awarding it summary judgment and an order of reference; and, on the cross-motion by defendants Freddy Elmine and Marie Baptiste-Elmine for an order granting summary judgment in their favor and dismissing the instant foreclosure action.

                                     PAPERS
                                  NUMBERED

| | |
|---|---|
| Notice of Motion-Affidavits-Exhibits....................................... | EF 95; 97-113 |
| Notice of Cross-Motion-Affidavits-Exhibits........................... | EF 115-135 |
| Aff. In Opp to Cross-Motion-Exhibits.................................... | EF 137-138 |
| Aff. In Reply to Cross-Motion - Exhibits................................ | EF 139-142 |

     Upon the foregoing papers, it is ordered that motion by plaintiff for an order granting it summary judgment and an order of reference is denied; and, the cross-motion

[* 1]

by defendants Freddy Elmine and Marie Baptiste-Elmine (movants) for an order granting summary judgment in their favor and dismissing the instant foreclosure action is granted, to the extent set forth below.

In this residential foreclosure action, the plaintiff seeks to foreclose upon mortgage encumbering real property, located at 119-12 220th Street, Cambria Heights, New York 11411, Block 12779, Lot 29 (the subject property).

By way of background information, the movants purchased the subject property, in March of 2005, by procurring two mortgage loans with Countrywide Home Loans (NYSCEF Doc. No. 122). Said mortgages were then later refinanced, on or around September 26, 2006 (NYSCEF Doc. No. 123).

On or around January 17, 2017, the movants executed a "balloon" Note and Mortgage in favor of Countrywide Home Loans, Inc., in the amount of $37,450.000, encumbering the subject property, with said amount to be used for home improvements (the subject Mortgage). The terms of said Mortgage additionally required a balloon payment of $29,282.13 upon the loan's maturity.

The subject Mortgage was subsequently reassigned several times, including most recently to the plaintiff, on or around April 1, 2022.

A previous assignee, BCMB1 Trust, had moved to foreclose on the mortgage, in a prior foreclosure action, under Index No. 717009/2020, commenced via Summons and Complaint filed on September 28, 2020 (the prior action).

Before the prior action was ever formally discontinued, the plaintiff commenced the instant action via Summons and Complaint, filed on October 11, 2022, calling due the entire amount allegedly owed on the subject Mortgage.

By Order of the Hon. Robert I. Caloras, J.S.C., dated January 31, 2023, and entered February 2, 2023, the prior action was discontinued.

By Order, dated June 6, 2023, and entered June 7, 2023, the Court denied a pre-answer motion to dismiss brought by the movants (NYSCEF Doc. No. 33).

In this Court's Order, dated April 5, 2024, and entered April 9, 2024, the Court denied plaintiff's motion for, *inter alia*, an order of reference without prejudice, and granted the movants' cross-motion for leave to file and serve their late Answers, which were submitted in support of their cross-motion (NYSCEF Doc. No. 90).

2

[* 2]

Said Answers both raised eight affirmative defenses, to include the plaintiff's failure to comply with mortgage default notice requirements, and counterclaims to cancel and discharge the Mortgage, pursuant to RPAPL § 1501, and an award of attorneys' fees, pursuant to RPL § 282 (NYSCEF Doc. No. 64).

Plaintiff now brings this instant motion for summary judgment as against the movants and an order of reference. The movants oppose and cross-move for an order dismissing the instant action due to, *inter alia*, the plaintiff's alleged failure to comply with contractual notices required on the terms of the mortgage.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its *prima facie* entitlement to judgment as a matter of law by submitting the mortgage agreement and unpaid note, along with evidence of the default" (*Green Tree Servicing, LLC v Huda*, 222 AD3d 623, 625 [2d Dept 2023] [internal citations omitted]).

"Additionally, where it is alleged that a plaintiff has failed to comply with a condition precedent to the enforcement of a mortgage, the plaintiff must proffer sufficient evidence to establish, *prima facie*, that it complied with the condition precedent." (*Id*.), citing *Deutsche Bank Natl. Trust Co. Ams v Banu*, 205 AD3d 887, 889 [2d Dept 2022]; *see e.g.* CPLR 3015[a]).

The Court will first address the movants' cross-motion, as it seeks dismissal of the instant action, based on the plaintiff's alleged failure to comply with a condition precedent to the enforcement of the subject Mortgage.

In sum and substance, the movants allege, *inter alia*, that the plaintiff failed to comply with a condition precedent to the enforcement of the mortgage by failing to provide the movants with a default notice required by the terms contained in the subject Mortgage.

In support of their cross-motion, movants provide, *inter alia*: their sworn-to affidavits (NYSCEF Doc. Nos. 57, 58), wherein they both deny receiving any default notices; and, the subject Mortgage (NYSCEF Doc. No. 124).

As argued by the movants, pursuant to the terms set forth in Provision 20(B) of the subject Mortgage, the plaintiff was required to send a default notice to the movants, which stated, *inter alia*, the agreement that the movants failed to keep, the action that

3

[* 3]

must be taken to correct that failure, and a date by which the movants must correct the failure by, with the cure date being at least ten days from the date on which the notice was mailed to the movants.

The relevant terms found in the subject Mortgage, under Paragraph 20, state that "[i]f all of the conditions stated in subparagraphs (A), (B), and ( C) of this Paragragh 20 are satisfied, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage" (NYSCEF Doc. No. 124, Page 11). Subparagraph B sets forth the information required to be provided by the mortgagor to the mortgagee (NYSCEF Doc. No. 124, Page 11). Paragraph 15 pertains to, *inter alia*, the methods of mailing correspondence to the movants (NYSCEF Doc. No. 124, Page 10).

As the movants established that the sending of the contractual default notice was a condition precedent to commencing a foreclosure action, and have set forth their denial in receiving said default notice, the plaintiff had the burden to establish its compliance with said requirement.

To establish said compliance, and further in opposition to the cross-motion, the plaintiff argues, *inter alia*, that it was not required to provide the contractual default notices, due to the Note maturing on February 1, 2022, prior to the commencement of the instant action, and that it thus did not provide them to the movants in accordance with the terms of the Mortgage. Such is unavailing.

The subject Mortgage plainly requires that the plaintiff may only require immediate payment in full and commence a lawsuit to take away all of the mortgagee's rights in the property if it, *inter alia*, sends the a default notice to the movants that states the contractually required information as set forth in paragraph 20 (B). No provision in the subject Mortage states that such requirement is alleviated by the loan's maturity date. Further, the plaintiff's contention that it does not need to comply with said terms of the agreement due to the loans maturity is unsupported by the case law submitted, as nearly all of the cases cited to do not involve residential foreclosures where a borrower is at risk of losing their home.

Furthermore, and contrary to plaintiff's contention, the amount owed on the loan was, in all actuality, accelerated by the filing of the prior action, which was prior to the subject Mortgage reaching its maturity date (*see GMAT Legal Title Trust 2014-1 v Kator*,

[* 4]

213 AD3d 915, 916 [2d Dept 2023]). Said acceleration and calling due the entire amount owed on the subject Mortgage debt would have unquestionably required the conditional notice to be provided to the movants.

Additionally, despite the plaintiff's contention, any purported compliance with RPAPL §1304 would not satisfy the plaintiff's requirement to send the contractual default notice here, as the contractual default notice required other additional information that was not included in the 90-day notices sent to the movants, as evidenced by the exhibits submitted by the plaintiff in support of its motion (NYSCEF Doc. No. 112).

Thus, the plaintiff has failed to establish it's *prima facie* entitlement to summary judgement and its motion for, *inter alia*, summary judgment and an order of reference is denied. Additionally, based upon the plaintiff's acknowledgment that it did not comply with a condition precedent in this foreclosure action, the movants' cross-motion is granted, to the extent that the instant action is dismissed, without prejudice (*see e.g. Wells Fargo Bank, N.A. v Eisler*, 118 AD3d 982 [2d Dept 2014]).

Regarding summary judgment being awarded to the movants on their counterclaims, such is denied, without prejudice.

The movants have failed to establish their entitlement to their first counterclaim seeking cancellation and discharge of the subject Mortgage, pursuant to RPAPL § 1501. Furthermore, as the instant action is being dismissed, without prejudice, due to the plaintiff's failure to comply with a condition precedent, such is not a substantive determination on the merits where the movants would be entitled to attorneys' fees pursuant to RPL § 282.

As the movants' cross-motion is granted, based upon the plaintiff's failure to comply with a condition precedent, the Court need not address the additional arguments raised by the movants at this time.

However, the Court notes that, as pertaining to the branch of the cross-motion arguing that the plaintiff failed to comply with RPAPL § 1304, such would be unavailing, where the submissions by the plaintiff establish that the statutory notices were mailed out by the plaintiff's counsel, in New York, despite the mailing labels themselves being generated with a return address in Colorado.

5

As to the branch of the defendants' cross-motion seeking an order prohibiting the plaintiff from charging excessive attorneys' fees, the Court declines to issue such an order at this time, given that the action is dismissed. However, the Court does note that, were the plaintiff awarded a judgment of foreclosure and sale with the amount owed determined to have been as at, or near the amount, set forth in its filings, such award for reasonable attorneys' fees typically awarded by the Court are in the range of $1,750 to $2,000.

Any additional relief requested by the defendants not specifically addressed herein has been considered by the Court and is further denied.

Accordingly, it is

**ORDERED** that the motion by plaintiff for an order awarding it, *inter alia*, summary judgment and an order of reference is denied; and it is further

**ORDERED** that the cross-motion by defendants Freddy Elmine and Marie Baptiste-Elmine for an order awarding them summary judgment is granted, to the extent that the instant action is dismissed; and it is further

**ORDERED** that any additional relief sought by the parties not specifically addressed herein has been considered by the Court and is denied.

**Dated: November 18, 2024**

**TIMOTHY J. DUFFICY. J.S.C.**

6

[* 6]