Islam v Audi Manhattan (2025 NY Slip Op 07288)

Islam v Audi Manhattan

2025 NY Slip Op 07288

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-10994
 (Index No. 721621/19)

[*1]Nazmul N. Islam, appellant, 
v
Audi Manhattan, et al., respondents.

Tariq Law P.C., New York, NY (Subhan Tariq of counsel), for appellant.
Methfessel & Werbel, New York, NY (Steven A. Unterburger of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, breach of the implied warranty of merchantability, and a violation of General Business Law § 349, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered July 11, 2023. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging fraud, breach of the implied warranty of merchantability, and a violation of General Business Law § 349 insofar as asserted against the defendant Audi Manhattan.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 27, 2017, the plaintiff purchased a certified pre-owned 2014 Audi Q5 (hereinafter the vehicle) from the defendant Audi Manhattan (hereinafter Audi). In December 2019, the plaintiff commenced this action against the defendants, among other things, asserting causes of action against Audi to recover damages for fraud, breach of the implied warranty of merchantability, and a violation of General Business Law § 349. In the complaint, the plaintiff alleged, inter alia, that when Audi sold the vehicle to him in July 2017, it provided a false CARFAX report that failed to disclose that the vehicle had been damaged in September 2015.
The defendants moved for summary judgment dismissing the complaint. In an order entered July 11, 2023, the Supreme Court, among other things, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging fraud, breach of the implied warranty of merchantability, and a violation of General Business Law § 349 insofar as asserted against Audi. The plaintiff appeals.
"A party asserting a claim based upon fraudulent misrepresentation must establish (1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages" (Citibank, N.A. v Potente, 210 AD3d 861, 863; see 98 Gates Ave. Corp. v Bryan, 225 AD3d 647, 649). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging fraud insofar as asserted against Audi by submitting evidence that Audi did not make any misrepresentation to the plaintiff (see Starr v Akdeniz, 162 AD3d 948, 950; DiDomenico v Long Beach Plaza Corp., 60 [*2]AD3d 615, 618). In support of their motion, the defendants submitted, inter alia, a CARFAX report dated July 27, 2017, which was signed by the plaintiff, reflecting the prior damage to the vehicle in September 2015. In opposition, the plaintiff failed to raise a triable issue of fact (see Starr v Akdeniz, 162 AD3d at 950; DiDomenico v Long Beach Plaza Corp., 60 AD3d at 618).
A defendant can establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action alleging breach of the implied warranty of merchantability (UCC 2-314[2][c]) by demonstrating that the goods at issue were reasonably fit for the ordinary purpose for which they were used, that the defect in the goods was not a proximate cause of the plaintiff's accident, or that the alleged defect did not exist at the time the goods left the defendant (see Denny v Ford Motor Co., 87 NY2d 248, 259; Hempstead v Hammer & Steel, Inc., 234 AD3d 407, 409).
Here, the evidence submitted by the defendants established, prima facie, that there was no damage or defect to the vehicle when it was sold to the plaintiff and that the vehicle was fit for the ordinary purpose for which it was to be used (see Bradley v Earl B. Feiden, Inc., 8 NY3d 265, 273; Denny v Ford Motor Co., 87 NY2d at 259). In opposition, the plaintiff failed to raise a triable issue of fact.
"A cause of action under General Business Law § 349 requires evidence that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice" (Eva Chen Fine Jewelry, Inc. v Recovery Racing IX, LLC, 222 AD3d 840, 842 [internal quotation marks omitted]; see Aracena v BMW of N. Am., LLC, 159 AD3d 664, 666). The defendants' submissions established, prima facie, that Audi did not engage in consumer-oriented acts or practices that were deceptive or misleading in a material way (see Aracena v BMW of N. Am., LLC, 159 AD3d at 666). In opposition, the plaintiff failed to raise a triable issue of fact (see Eva Chen Fine Jewelry, Inc. v Recovery Racing IX, LLC, 222 AD3d at 842; see Aracena v BMW of N. Am., LLC, 159 AD3d at 666).
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging fraud, breach of the implied warranty of merchantability, and a violation of General Business Law § 349 insofar as asserted against Audi.
The parties' remaining contentions either need not be reached in light of our determination, are not properly before this Court, or are without merit. 
DILLON, J.P., CHAMBERS, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court